UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI FROMETA et al., | USDC SDNY |
| Plaintiffs, | DOCUMENT |
| -against- | ELECTRONICALLY FILED |
| TABU LOUNGE INC. et al., | DOC #:_____ |
| Defendant. | DATE FILED: 8/8/2022 |

20-cv-1660 (MKV)

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT
AND CANCELING HEARING

MARY KAY VYSKOCIL, United States District Judge:

For the reasons set forth below, Plaintiffs' second motion for a default judgment against Defendant Carlotta Chevere [ECF No. 57] is DENIED for lack of service and lack of notice. As such, the hearing on Plaintiffs' motion for a default judgment is canceled, and Plaintiffs' request either for an extension of time to effectuate personal service of the Order scheduling the hearing, or, in the alternative, for permission to serve Chevere with notice of the hearing by alternative means [ECF No. 64] is DENIED as moot.

Plaintiffs initiated this case in February 2020, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law, against several defendants, including Carlotta Chevere [ECF No. 1]. Plaintiffs allege that they were underpaid for their work at a restaurant where Chevere was the "owner/manager" until she sold her interest to other defendants [ECF No. 12 ("Amended Complaint") ¶¶ 10, 13]. Plaintiffs allege that the restaurant "was located [at] 227 Dyckman Street, New York, NY 10034." ¶ 12. The other defendants appeared, and the appearing parties settles, but Chevere has never appeared [ECF No. 48].

Plaintiffs first moved for a default judgment against Chevere in July 2021, which motion the Court later denied [ECF Nos. 50, 54]. In reviewing Plaintiffs' first motion for a default judgment, the Court observed that Plaintiff had filed an affidavit of service stating that Chevere

was served with the Amended Complaint by personal service at her "actual place of abode" at "227 DYCKMAN STREET, NEW YORK, NY 10034" on November 17, 2020 [ECF No. 29]. And Plaintiffs had filed an affidavit of service stating that they mailed a copy of the Court's Order scheduling a hearing on the first motion for a default judgment to Chevere at the same 227 Dyckman Street address [ECF No. 52]. As noted above, 227 Dyckman Street is the address of the restaurant Chevere allegedly sold in June 2019. Amended Complaint ¶ 13.

In any event, the Court denied Plaintiffs' first motion for a default judgment for failure to state a claim that Chevere was an "employer" within the meaning of the FLSA [ECF No. 54]. The Court explained that, although the Amended Complaint asserts that Chevere was the "owner/manager" until she sold the restaurant, Amended Complaint ¶ 10, Plaintiffs had failed to allege sufficient factual details about Chevere's exercise of direct control over Plaintiffs' employment. *See Irizarry v. Catsimatidis*, 722 F3d 99 (2d Cir. 2013).

Plaintiffs later filed a second motion for a default judgment against Chevere [ECF No. 57]. In connection with that motion, Plaintiffs put forth more detailed allegations about Chevere's direct control over Plaintiffs' employment [ECF No. 58 ¶¶ 5–18]. Plaintiffs also filed an affidavit of service of the second motion for default judgment, which states that Chevere was served by mail at the same 227 Dyckman Street address [ECF No. 59]. The Court directed Plaintiffs to personally serve Chevere with a copy of the Order scheduling a hearing on the second motion for a default judgment [ECF No. 61].

On July 5, 2022, Plaintiffs filed a letter requesting that the Court either accept an affidavit of due diligence in lieu of personal service, or grant Plaintiffs an extension of time to effectuate personal service [ECF No. 63]. The Court gave Plaintiffs 30 days to personally serve Chevere with notice of the hearing on the second motion for a default judgment [ECF No. 64].

On August 1, 2022, Plaintiffs filed another letter stating they have not been able to effectuate personal service on Chevere [ECF No. 64]. They represent that "Plaintiffs have performed an exhaustive search and been unable to find Defendant Chevere." Plaintiffs include with their letter affidavits of due diligence stating: 227 Dyckman Street is a clothing store [ECF No. 64-3]; 223 Dyckman Street is a restaurant, but Chevere is not known at that restaurant, and there is no entrance to a residential building at this location [ECF No. 64-1]; and 225 Dyckman Street does not exist [ECF 64-1]. Plaintiffs request either more time to effectuate personal service, or permission to serve Chevere by via email or text message. Plaintiffs contend that Chevere has multiple aliases and social security numbers, which, they contend, justifies relief.

Plaintiffs' own representations and affidavits make clear that Chevere was not properly served with notice of the second motion for a default judgment. "A default judgment obtained by way of defective service is void." *Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd.*, 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005). Proper service must satisfy due process, which requires notice that is reasonably calculated to apprise the interested party. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292. In the Court's view, mailing a copy of the second motion for a default judgment to an address that is alleged to be the location of a restaurant that Chevere is alleged to have sold several years ago does not amount to notice that is reasonably calculated to apprise Chevere of the default motion against her.

Indeed, the Court is concerned that Chevere was never properly served with process in this case. An affidavit of service is *prima facie* evidence of effective service. *Howard Johnson Int'l v. Wang*, 7 F. Supp. 2d 336 (S.D.N.Y.1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999). However, Plaintiffs have now cast serious doubt on their own, earlier affidavit stating that Chevere was personally served with the Amended Complaint. That affidavit states that Chevere was personally served at

her "actual place of abode," which the affidavit states is 227 Dyckman Street [ECF No. 29]. But Plaintiffs have now submitted contrary affidavits stating that 227 Dyckman Street is a storefront, and, while there is a neighboring restaurant, there is no entrance to a residential building [ECF Nos. 61-1, 64-3].

The Second Circuit has admonished that claims should be decided on the merits, rather than by default. *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). The Court will not issue a default judgment against a defendant who almost certainly lacks notice of the motion and may lack notice of the case. Accordingly, Plaintiffs' second motion for a default judgment against Chevere is DENIED. The hearing on that motion is canceled, and Plaintiffs' request regarding serving notice of that hearing is DENIED as moot.

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 57 and 64.

**SO ORDERED.**

Date: **August 8, 2022**
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**