UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/9/2023_____
```

LEVI FROMETA et al.,

Plaintiffs,

-against-

TABU LOUNGE INC. et al.,

Defendant.

20-cv-1660 (MKV)

ORDER OF DISMISSAL
AS TO
DEFENDANTS CARLOTA CHEVERE
AND
"CESAR (LAST NAME UNKNOWN)"

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs initiated this case by filing a complaint in February 2020, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law, against defendants Tabu Lounge, Inc., "Jancy (last name unknown)," "Cesar (last name unknown)," and Carlota Chevere [ECF No. 1].  Plaintiffs filed an affidavit of service on July 1, 2020 [ECF No. 5], but none of the defendants named in the original complaint appeared, and Plaintiffs took no other action to prosecute this case.  On October 28, 2020, the Court issued an Order warning Plaintiffs that failure to move for a default judgment or otherwise to prosecute the case would result in dismissal for failure to prosecute [ECF No. 6].

In response to the Court's warning, Plaintiffs' counsel represented that he had been in touch with counsel to "several individual Defendants as well as the corporation," requested an extension of time to move the case in light of the defendants' anticipated appearance, and informed the Court that Plaintiffs intended to amend the complaint [ECF No. 7].  Thereafter, Plaintiffs voluntarily dismissed the case against Tabu Lounge, Inc. and filed an amended complaint naming Il Posto Rustica Corp., Jansy Infante, "Cesar (last name unknown)," and Carlota Chevere as defendants [ECF Nos. 11, 12, 15].  Defendants Il Posto Rustica Corp. and Jansy Infante appeared and answered [ECF No. 17].

1

The Court then scheduled an Initial Pretrial Conference and directed the parties to file certain materials one week in advance of the conference [ECF No. 21].  By the eve of the conference, nothing had been filed.  The Court issued an Order To Show Cause why the case should not be dismissed for failure to prosecute and why the parties should not be sanctioned for failing to comply with a court order [ECF No. 22].  Soon thereafter, the appearing parties filed a notice of consent to the jurisdiction of the Magistrate Judge [ECF Nos. 28, 30].

While proceeding before the Magistrate Judge, Plaintiffs settled with Il Posto Rustica Corp. and Jansy Infante for $60,000 plus attorneys' fees and costs [ECF Nos. 47, 48].

Because the non-appearing defendants never consented to proceed before the Magistrate Judge, the case was reassigned back to this Court for Plaintiffs to prosecute their claims against the non-appearing defendants [ECF No. 49].  Plaintiffs have not taken any action to prosecute their claims against "Cesar (last name unknown)."  Plaintiffs have twice moved for a default judgment against Defendant Chevere [ECF Nos. 50, 57].  Plaintiffs allege she was the "owner/manager" of the restaurant where Plaintiffs worked until she sold her interest to other defendants [ECF No. 12 ("Amended Complaint") ¶¶ 10, 13].  The Court denied both motions for a default judgment against Chevere because of serious deficiencies [ECF No. 54, 65].  In particular, as the Court has explained in prior orders, Plaintiffs' own representations and affidavits make absolutely clear that Chevere was not served with notice of the second motion for a default judgment against her, and it is far from clear that she was ever served with process in this case.

Plaintiffs have not taken any action to prosecute this case since the Court denied Plaintiffs' second, defective, motion for a default judgment on August 8, 2022.  Thus, on December 22, 2022, the Court issued an Order To Show Cause why this case should not be dismissed for failure to

prosecute [ECF No. 66]. To date, Plaintiffs have simply ignored the Court's December 22, 2022 Order To Show Cause.

Rule 41(b) of Federal Rule of Civil Procedure provides for dismissal, with prejudice, based on a plaintiff's failure to comply with "a court order" and otherwise "to prosecute" his case. Fed. R. Civ. P. 41(b). It is well established that "a court may dismiss a claim for failure to prosecute *sua sponte.*" *Harding v. Goord*, 135 F. App'x 488, 488 (2d Cir. 2005) (citing *Spencer v. Doe*, 139, F.3d 107, 112 (2d Cir. 1998)). The Second Circuit has made clear that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Nevertheless, the Second Circuit has recognized that a district court's authority to dismiss a case "for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). None of the five factors is dispositive. *Id.*

Each of the five factors weighs in favor of dismissal here. First, this case has been open for nearly three years. Second, the Court has warned Plaintiffs three times that failure to prosecute might result in dismissal, including, most recently, in the Court's December 22, 2022 Order To

Show Cause, which Plaintiffs have completely ignored [ECF Nos. 6, 22, 66].  Third, a federal action has been pending against Defendant Chevere for nearly three years, quite possibly without her knowledge.  She is entitled to resolution.  Fourth, Plaintiffs have exercised their "right to an opportunity for a day in court," and have already received a substantial settlement.  *U.S. ex rel. Drake*, 375 F.3d at 254.  Plaintiffs have also congested the Court's calendar with several defective motions for a default judgment and have induced the Court to issue several orders imploring Plaintiffs to comply with court orders and prosecute their case.  Fifth, the Court has already threatened Plaintiffs with lesser sanctions to no avail [ECF No. 22].

Accordingly, the case against the non-appearing defendants, Carlota Chevere and "Cesar (last name unknown)," is DISMISSED with prejudice.  The Clerk of Court respectfully is requested to close this case.

**SO ORDERED.**

**Date:  January 9, 2023**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**